United States District Court
District of Massachusetts

| | |
|---|---|
| ANTHONY R. BARTLETT and, ) <br> KATHLEEN M. BARTLETT, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HSBC BANK USA, NATIONAL ASSOCIATION, ) <br> AS TRUSTEE FOR SG MORTGAGE SECURITIES ) <br> TRUST 2006-FREI, ASSET BACKED CERTIFICATES, ) <br> SERIES 2006-FREI, and WELLS FARG0 BANK, N.A., ) <br> Defendants. ) | CIVIL ACTION <br> No. 18-40085-TSH |

**MEMORANDUM OF DECISION AND ORDER FOR JUDGMENT**
August 23, 2018

**HILLMAN, D.J.**

**Background**

Plaintiffs, Anthony R. Bartlett and Kathleen M. Bartlett (the "Bartletts" or "Plaintiffs"), have filed suit against HSBC Bank USA, National Association, as Trustee for SG Mortgage Securities Trust 2006-FREI, Asset backed certificates Series 2006-FREI ("HSBC") and Wells Fargo Bank, N. A. ("Wells Fargo" and together with HSBC, "Defendants") seeking a declaratory judgment that HSBC cannot utilize the statutory remedy under (Count Mass.Gen.L. ch. 244, §14 I) because it failed to meet all mandatory statutory requirements; and under Mass.Gen.l. ch. 260, §33 (Count II), because the mortgage held by HSBC is "obsolete" and therefore, void (because HSBC seeks to enforce its mortgage more than five years from the date it first accelerated the

Plaintiffs' underlying loan obligation). This Order addresses Defendants' Motion to Dismiss (Docket No. 12) for failure to state a claim, and Plaintiffs' Motion for Preliminary Injunction (Docket No. 18). For the reasons set forth below, Defendants' motion to dismiss is *granted,* and Plaintiff' motion for preliminary injunction is *denied*.

## THE MOTION TO DISMISS

### Facts[1]

On November 30, 2005, Plaintiffs purchased the property located at 273 Olivia Drive in Northbridge, Massachusetts (the "Property"). To finance the purchase of the Property, Plaintiffs executed a promissory note that same date in the amount of $509,564.00 (the "Note"), in favor of Fremont Investment & Loan ("Fremont"). To secure repayment of the Note, Plaintiffs also executed a mortgage on November 30, 2005, which was recorded in the Worcester Registry of Deeds (the "Registry") at Book 37925, Page 222 on December 1, 2005 ("Mortgage"). The Mortgage identifies the original mortgagee as "Mortgage Electronic Registration Systems, Inc." ("MERS"). On April 29, 2011, MERS, as nominee for Fremont, assigned the Mortgage to "HSBC Bank USA, National Association, as Trustee for SG Mortgage Securities Trust 2006-FRE1," and an assignment was recorded in the Registry at Book 47355, Page 255. On April 17, 2013, a Confirmatory Assignment of Mortgage was recorded in the Registry at Book 50746, Page 185 clarifying that the full name of the assignee entity was "HSBC Bank USA, National Association as Trustee for SG Mortgage Securities Trust 2006-FRE1, Asset Backed Certificates, Series 2006-FRE1.

---

[1] Generally, in deciding a motion to dismiss, I would take the statement of facts from the Plaintiffs' Verified Complaint. However, in this case, the factual assertions in the complaint can best be described as a stream of consciousness containing legal theories, conclusions and arguments supporting Plaintiffs' causes of action. As best as I can make sense of them, I have taken the facts as asserted in the Verified Complaint. Otherwise, I have taken the statement of facts from Defendants' memorandum in support of their motion to dismiss (to the extent that such facts are not disputed by the Plaintiffs).

Plaintiffs defaulted on their payment obligations under the Note and Wells Fargo, acting as servicer for HSBC, began foreclosure proceedings. On January 12, 2018, HSBC recorded an Affidavit Pursuant to Mass.Gen.L. ch.244, §§ 35B and 35C in the Registry of Deeds ("Pre-Foreclosure Affidavit"). The Pre-Foreclosure Affidavit certifies: (1) the mortgage assignments from MERS, as originating mortgagee, to HSBC, as foreclosing mortgagee; (2) that HSBC or one of its authorized agents holds the Note; and (3) that Wells Fargo, as loan servicer on behalf of HSBC, undertook a good-faith effort to avoid foreclosure pursuant to Mass. Gen. Laws ch. 244, § 35B. Wells Fargo has provided Plaintiffs a copy of the Note that references an endorsement from Fremont to "HSBC Bank, N.A. as Trustee." In the Mandatory Statutory Notice of Auction Sale sent to the Bartletts, includes an additional endorsement stamp "in blank." The endorsement fails to reference that HSBC was acting as "Trustee for SG Mortgage Securities Trust 2006-FRE1," and are undated. The "Certification" provided by the Defendants to the Bartletts does not certify the chain of title.

## Standard Of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm, LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

## Discussion

The allegations made by the Bartletts in the Verified Complaint are vague and confusing and the rambling, disorganized argument contained in opposition to the motion to dismiss provides little clarification. What is clear is that they are alleging that the conveyance of a legal interest in the Mortgage and Note to HSBC does not meet the strict mandatory requirements of Mass.Gen.L. ch. 244, §14. In support of this claim, as best as this Court can make out, they assert that HSBC has failed to properly document the entire chain of title to their Note and Mortgage, thereby, failing to establish "that it is in current contractual privity with the Plaintiffs to enforce the terms of their mortgage contract." They further assert that post *Eaton v. Fed. Nat'l Mtg. Ass'n*, 462 Mass. 569, 969 N.E.2d 1118 (2012), MERS does not meet the definition of "mortgagee" and therefore, could not assign the Mortgage to HSBC (or any other entity). For these reasons, they contend, the Defendants do not meet the statutory requirements which are a precondition to utilizing the statutory power of sale remedy under Mass. Gen. L. ch. 244, § 14. It is unclear to the Court whether the Plaintiffs are contending that the deficiencies cannot be cured such that the Defendants would never have the right to exercise the statutory power of sale.

4

However, given that their counsel represented at the hearing that they are not attempting to void the Mortgage, this is presumably not their position. Plaintiffs also assert that the Mortgage is unenforceable as "obsolete." More specifically, they essentially assert that the acceleration of Plaintiffs' debt under the Note in April 2013, also accelerated the "maturity date" of the Mortgage. Since the Defendants has not enforced the Mortgage within five years of that date, they are barred from doing so by the five year statute of limitations set forth in Mass.Gen.L. ch. 260, §33.[2]

The claims raised in Plaintiffs' Complaint and the legal theories in support thereof have been addressed by the First Circuit or other judge's in this District and all of the rulings have gone against the Plaintiffs. It is true that at least one of my colleagues takes the position that MERS does not have the authority to assign a mortgage under Massachusetts law. However, that judge acknowledges that in *Culhane v. Aurora Loan Servs. of Nebraska,* 708 F.3d 282 (1st Cir. 2013) the First Circuit ruled that MERS has such power and therefore, that is the law which this Court is bound to follow. *See Baldinelli v. U.S. Bank Trust N.A.*, Civil Action No. 16-11070-WGY, 2017 WL 3639289 (D.Mass. Apr. 18, 2017). Counsel for the Plaintiffs was also counsel for the plaintiffs in *Baldinelli*; that case is presently on appeal to the First Circuit. On December 31, 2017, counsel filed a motion with the First Circuit asking the court to certify questions to the Massachusetts Supreme Judicial Court ("SJC"), which would include some of the issues raised by the Plaintiffs in this case. The First Circuit has not ruled on the motion to certify. Given that the First Circuit made its ruling in *Culhane* interpreting a related issue of Massachusetts law without feeling it necessary to certify the question to the SJC, the likelihood is that the court will

---

[2] As just stated, counsel represented at the hearing that the Plaintiffs were not attempting to void the Mortgage. Yet if Plaintiffs' prevail on this claim, the Mortgage would not be enforceable.

deny counsel for the Plaintiffs' request to certify in the *Baldinelli* appeal. Accordingly, I will not stay these proceedings pending the First Circuit's ruling in that case.

I agree with the First Circuit's oft repeated admonition that "where litigants attempt to repackage 'old wine in a new bottle … we see no point in decanting it again.'" *Serra v. Quantim Serv. Corp.*, 747 F.3d 37, 40 (1st Cir. 2014)(quoting *Culhane*, 708 F.3d at 294)(alteration in original). Accordingly, I see no reason to restate or supplement the reasoning of my colleagues who have already rejected the remaining legal theories and arguments raised by the Plaintiffs. Suffice to say, I agree with those cases, some which are cited below and others which are cited in Defendants' memorandum in support of their motion to dismiss, and find that Plaintiffs' Verified Complaint must be dismissed.

Regarding Plaintiffs' claims asserted in Count I challenging the validity of the assignment to HSBC and HSBC's right to utilize the statutory remedy set forth in Mass.Gen.L. ch. 244, §14: *see Smyth v. America's Servicing Co.*, Civ. Act. No. 14-13472, 2017 WL 1190374 (D.Mass. Mar. 30, 2017)(available case law indicates that trustee's status as the holder of a promissory note, with authority to enforce the note, is not defeated by the failure of the indorsement to specify a particular trust); *see also Tucker v. U.S. Bank, N.A.*, 292 F.Supp.3d 546, 552 (D.Mass. 2018)(where earlier assignment is not in recordable form or bears some defect, written assignment that confirms earlier assignment may be properly recorded)(citing *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 55 (Mass.2011); *Id.*, at 553 (rejecting that Massachusetts regulations require inclusion of intermediate, unrecorded assignments in certification; certification need only that mortgagor have received certification with chain of title showing foreclosing party's basis for asserting right to foreclose); *Jepson v. HSBC Bank USA, Nat. Ass'n,* Civ.Act. No. 12-12179-LTS, 2013 WL 639184, at *5 (D. Mass. Feb. 20, 2013), *aff'd*

(June 23, 2014)(rejecting same chain of title claim raised by Plaintiffs). Regarding Plaintiffs' obsolete mortgage claim set forth in Count II: *see Junior v. Wells Fargo Bank, N.A.*, Civ.Act. No. 17-10460-RGS, 2017 WL 1199768, at *1 (D.Mass. Mar. 30, 2017)(rejecting obsolete mortgage claim); *Perreira v. Bank of N.Y. Mellon*, Civ.Act. No. 16-11467-LTS, 2016 WL 6963032 at *3 (D.Mass. Nov. 28, 2016)(same); *Hayden v. HSBC Bank USA, N.A.*, Civ.Act. No. 16-11492-DJC, 2016 WL 5746357, at *3 (D.Mass. Sep. 30, 2016)(same)[3].

For the reasons stated above, I find that the Bartletts have failed to assert claims that are plausible on their face. Therefore, Defendants' motion to dismiss is granted.

## THE MOTION FOR PRELIMINARY INJUNCTION

In determining whether to issue a preliminary injunction, the Court must weigh four factors:

> '(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, *i.e.*, the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.'

*Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004)(citation to quoted case omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm. Wireless Services, Inc., v. SprintCom, Inc.,* 287 F.3d 1, 9 (1st Cir. 2002). Since I have found that Plaintiffs' Verified Complaint must be dismissed for failure to state a claim that I find that they are unlikely to

---

[3] *Hayden* is currently on appeal to the First Circuit. The case was heard and summarily affirmed in 2017. See *Hayden v. HSBC Bank USA, N.A.*, 867 F.3d 222 (1st Cir. 2017). However, the opinion was vacated when it was later determined that one of the judges on the panel had a conflict. The case has been assigned to a new panel. Counsel for the parties in this case are the same counsel as in *Hayden*-- they have been informed by the panel hearing the case that the *Hayden* appeal will be decided without oral argument  Under these circumstances, the Court does not find a stay is warranted pending the First Circuit's ruling.

succeed on the merits of their claims. Accordingly, the motion for preliminary injunction is *denied*, both as moot and on the merits.

## **Conclusion**

1. Defendants' Motion to Dismiss (Docket No. 12) is ***granted***.

2. Plaintiffs' Motion for Preliminary Injunction (Docket No. 18) is ***denied.***

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE